**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LISA DORNELL DANIELS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:14-CV-00612-RWS |
| DEPARTMENT OF VETERANS AFFAIRS, | : |
| | : |
| Defendant. | : |

## **ORDER**

On March 3, 2014, Magistrate Judge Janet F. King granted Plaintiff Lisa Dornell Daniels leave to proceed *in forma pauperis* in this action. The case was then referred to the undersigned for a frivolity determination. After reviewing the record, the Court enters the following Order.

### **Background**

Plaintiff filed this action against the Department of Veterans Affairs ("VA") alleging there is an "unfair recruitment/selection process within the Human Resource office at the Atlanta VA hospital on Clairmont."[1] (Compl.,

---

[1] Plaintiff filed a separate suit on the same day against the Department of the United States Navy. See No. 1:14-CV-00611-RWS. Plaintiff appears to have mixed

Dkt. [3] at 3.) She charges that the VA has failed to comply with federal regulations governing the hiring of veterans to work for the VA system and that the VA has failed to provide appropriate care for her. (No. 1:14-CV-00612-RWS, Dkt. [3] at 2.) In attempting to resolve her grievances, Plaintiff states that she has spoken to VA staff in Atlanta, written two letters to the Secretary of Veterans Affairs, and spoken to the social worker at Phoenix Rising, a VA facility in Decatur for homeless veterans where Plaintiff resides.

## Discussion

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).

---

up the second page of her complaints in these cases, which each refer to the defendant in the other case. For the purposes of this Order, the Court considers the factual allegations of each page in its corresponding case.

With respect to Plaintiff's claim regarding the adequacy of her care, Congress created an exclusive review procedure for resolving disputes involving veterans' benefits. See 38 U.S.C. § 511. Under the relevant statute,

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to [the exceptions listed in] subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a).

"The statute includes all claims, whatever their bases, as long as the claim is 'necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.' " Chandler v. Hill, No. 2:10cv1081-MEF, 2011 WL 3704073, at * 2 (quoting Hicks v. Veterans Admin., 961 F.2d 1367, 1369 (8th Cir. 1991)). In other words, the judiciary is prohibited from getting involved "in the administration of the benefits statutes." Cole v. United States, 861 F.2d 1261, 1265 (11th Cir. 1988); see also Cheves v. Dep't of Veterans Affairs, 227 F. Supp. 2d 1237, 1245 (M.D. Fla. 2002)

3

(stating that a medical negligence claim against the VA must go through the administrative process).

However, the VA's decision may be appealed to the Board of Veterans' Appeals, and review of the Board's decision rests exclusively with the United States Court of Appeals for Veterans Claims.  See Hall v. U.S. Dep't of Veterans Affairs, 85 F.3d 532, 534 (11th Cir. 1996).  Finally, the United States Court of Appeals for the Federal Circuit then has exclusive appellate jurisdiction under limited circumstances.  See 38 U.S.C. § 7292(c) (giving the Federal Circuit "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision").  Plaintiff did not engage this process.

Moreover, to the extent that Plaintiff asserts a tort claim regarding her care at the VA, filing an administrative claim is a prerequisite to bringing an action under the Federal Tort Claims Act ("FTCA").  See Slater v. United States, 175 F. App'x 300, 304 (11th Cir. 2006) (noting that the FTCA "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative

4

AO 72A
(Rev.8/82)

remedies" (quoting McNeil v. United States, 508 U.S. 106, 107 (1993))). Without exhausting the above process, however, Plaintiff cannot maintain a tort action against the VA.

Plaintiff also has not pursued her administrative remedies in connection with the VA's hiring of veterans. "Any person who has veteran preference and believes that an agency has violated his rights under a statute or regulation relating to veterans' preference may file a complaint with the Secretary of Labor. 5 U.S.C. § 3330a(a)(1)(A). Then, the person may file a complaint in the district court [under limited circumstances] after he has appealed the Secretary of Labor's decision to the Merit Systems Protection Board ("MSPB"). 5 U.S.C. § 3330b(a)-(b)." Branham v. Astrue, No. 7:08-CV-123(HL), 2010 WL 419395, at *6 (M.D. Ga. Jan. 28, 2010). But while Plaintiff alleges that she sent several letters to the VA and spoke with her social workers and other VA staff, she fails to allege that she filed a complaint with the Secretary of Labor. Therefore, Plaintiff did not pursue the appropriate administrative remedies for either of her claims and so cannot pursue her action in this Court. Accordingly, this action is frivolous and is due to be **DISMISSED without prejudice**.

## Conclusion

For the foregoing reasons, this case is **DISMISSED without prejudice**, and Plaintiff's Motion to Seal [4] and Motion to Speak to Judge Story [5] are **DENIED as moot**.

**SO ORDERED**, this  23rd  day of April, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE